■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LINDEN, Appellant. [731 NYS2d 849] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 30, 1989 (*People v Linden,* 150 AD2d 801), affirming a judgment of the Supreme Court, Westchester County, rendered November 12, 1986.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). McGinity, J. P., H. Miller, Feuerstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LOPEZ, Appellant. [730 NYS2d 741] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 24, 2000 (*People v Lopez,* 271 AD2d 699), affirming a judgment of the Supreme Court, Queens County, rendered December 15, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., Ritter, Krausman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAPPUCINE OLIVER, Appellant. [730 NYS2d 724] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered December 4, 1997, convicting her of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions, including those raised in her supplemental *pro se* brief, are without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.